Good morning, everyone. We are so pleased to be gathered with you here today for eight cases that we'll hear at argument today. We'll begin with case number one, United States v. Patel, and we welcome to the podium Ms. Frater. May it please the court, counsel, I represent Nirav Patel on appeal after trial. We've raised two issues. One deals with his request to have a bench trial, and one deals with a jury instruction. Mr. Patel requested to have a bench trial in front of the district court, and he asked the court for a bench trial. The court seemed willing to give him a bench trial, and the government objected. Rule 23A2 requires that, should a defendant request a bench trial, that the government must also consent. Mr. Patel has raised the issue that under the totality and facts of his case, specifically, that he should have been granted a bench trial and that the government's objection should have been overruled. That's contrary to the plain language of the rule. We're asking that the court consider that, under the totality of the circumstances and in viewing the defendant's right to have a jury trial or a bench trial, that it's the defendant's right to have a bench trial, and that the government, in this circumstances, had no reasonable basis to object to that, and that the court, under all of these circumstances, should have given him a bench trial. Ms. Frater, just a record question for you. Did your client seek a bench trial in writing? So he had filed pro se with the court previously, several requests for a bench trial, and the government objected. It was our position at the time that, because of the plain language of the rule, it was pretty clear that the judge wasn't going to grant him a bench trial. Had the judge said, sure, I'll give you a bench trial, or the government had considered it, we could have written something out right then. But he had previously written to the court on numerous occasions requesting that he have a bench trial, and we could have just written something down. But based on the circumstances... Just so I understand, sorry, when he filed those pro se filings, he was represented by counsel? Yes. Okay, got it. But the technical requirements of making it in writing, we could have done sitting in the courtroom, had it appeared that it was going to go the different way. It was pretty clear from the tone and tenor of the conversation, and also that the government's position, that he wasn't going to get a bench trial. This is an issue that Mr. Patel is very adamant about, he's very concerned about. He really very much wanted a bench trial, regardless of advice of counsel. He believed that under all of the circumstances, particularly because he was in the United States as an undocumented person, and the tone and tenor of where the country was at at the time, that he would have received a more fair hearing in front of this judge, rather than in front of a jury. Let's assume we agree with you that the district court abuses discretion. What test would you have us adopt to help provide guidance to district courts faced with this question? Your brief seems to suggest something along the lines of a totality of the circumstances. I'm wondering how that's workable, particularly whereas here, the argument relies on some things that happened after the district court made its decision. We determined that it was a bridge too far, in this case, to argue that the rule is facially unconstitutional. I think that there is a good argument that it's facially unconstitutional. The amendment says that it's the defendant's right to a trial. It's not the government's right. I understand that they represent the public, and it's the public interest, but it's the defendant's right to decide whether to have a trial or whether to plead guilty, and it should be his right whether to decide to have a jury or a bench trial. In terms of this particular case, the test that we would ask the court to extend, which again, we understand that this is not the current state of the law, would be that under the totality of the circumstances that the district court has decided that a bench trial is in the best interest of the defendant or in the best interest of the case under all the circumstances presented. But quite frankly, I can think of no circumstances under which if a defendant is asking for a bench trial that the district court should say no, unless the district court for some reason feels that a bench trial would not be appropriate. The government doesn't really have a position in this fight. It's not the government's right to have a jury trial or not or to have a bench trial or not. It's the defendant's right. It's his right to have a trial. And so as a practical application, what the rule should say is that the defendant should be able to request a bench trial, and then the district court gets to decide. There could be circumstances under which the district court decides that it doesn't want to hear a bench trial. But the government's position of objecting to it and that that being sustained or heard for no reason other than my supervisor said no because we don't like bench trials is insufficient. Ms. Futter, so the Constitution guarantees the criminal defendant a right to a jury trial. Where, what language in the Constitution, what clause are you anchoring your argument that the defendant also has a constitutional right to determine whether or not he or she should have a bench trial? So there is no language in the Constitution that says that he has a right to a bench trial. But by reverse, if he has a right to a jury trial, he would also have a right to, by implication, have a bench trial. Because it's his, based on the state of the way that plea bargaining exists now, it's his, you know, when the Constitution was written, it was about having a jury trial, that that was a forward-thinking right in that many countries today still, you don't get the right to a jury. And I can think of only one time in my almost 30 years now that I've ever recommended to a client to ask for a bench trial. It's my personal opinion that the jury trial is the highest, greatest thing that we have in this country. And that when the Constitution was written, it was seeking to provide that option, which is a better option, perhaps, of having 12 citizens decide whether you're guilty or not, as opposed to one judge who hears cases over and over again. But if you have a right to a jury trial, you also have a right to say no to that jury trial, and by extension that would be to have a bench trial or to plead guilty. And as we've briefed it under the facts of this case specifically, it would be that, as applied to Mr. Patel, that he had a right to have a bench trial and that the government overstepped in objecting to it and that the district court should have granted him, under the totality of the circumstances, his bench trial, because of the language barriers, because he was here undocumented, and because he just wanted and was going to feel more comfortable with this judge hearing his case than a jury. I mean, the reason I ask is because it sounds to me it's more like a due process argument rather than kind of a right to a bench trial argument. I mean, emanating from the right to a jury trial, because logically, I guess, just because you're allowed to do something doesn't mean that you have the right to do the opposite, right? And so I'm just trying to find kind of an anchor for that constitutional argument. Based on the current state of the law, it is a bridge too far for us, based on the facts of this case. I think based on another case, I think we would have been in a stronger position to make the due process argument that this court makes. And we just didn't have it here. And so based on all of our particular facts, we argued as applied. The second, oh, I'm at 136. I wanted to reserve a little bit of time for rebuttal. The jury instruction issue in this case is very important in terms of the government did not give the full instruction. And they should have complied with this court's pattern instructions that they worked very hard on in order to ensure that the jury was instructed completely as to the acts of conspirators. And so I'm going to reserve my one minute and nine seconds for rebuttal. Okay. We'll do. Thank you. And Ms. McQuaid, we welcome you to the podium. May it please the court, counsel. Amanda McQuaid for the United States. The district court's judgment should be affirmed because defendant has no constitutional right to a bench trial and the jury was properly instructed. As to a bench trial, precedent is very clear. Defendant has no constitutional right to a bench trial. Singer and Clark support this. Rule 23A is equally clear that defendant is entitled to a jury trial unless the three conditions are met. Here, none of those conditions were met. Defendant's request was not in writing. Government did not consent and the court did not approve. So the case proceeded to a jury trial. The trial court correctly applied Rule 23. To the extent the court has any questions on that, I welcome it. But I think precedent is very clear. I do. I do. Because in your brief, you contrast Mr. Patel's circumstances with those in Braunstein and in Pontellakius. And I'm trying to understand, is it your position that a district court can never abuse its discretion in denying a request for a bench trial or in certain circumstances that were not present here? At this time, we would stand on our rights in Rule 23. That Rule 23 means what it says. And Singer does not require the government to give a reason and to really inquire into it. Not to say that there wouldn't be a circumstance or perhaps a factual basis that is clearly not present here to decide that question. But no, the government would say that unless the government consents, no. The district court couldn't abuse its discretion because it's not getting there. I hear you saying both. Which one? No. If the government does not consent, then we don't have a bench trial. There would be no question as to how the district court would apply that. He reads the rule. He applies the rule without the conditions. There's no need to question further into the government's consent or not. So there never would be a situation where a district court could abuse its discretion? Correct. As an alternative, obviously, if the facts were presented, we could argue that. But this isn't the case where those facts would be present. Okay, so not in circumstances here. I still hear you saying both, but I'll take your answer, Ms. McQuaid. Moving on to the jury instruction issue, the jury was properly instructed. Here, the Salinas instruction was an accurate statement of the law. It's pulled directly from Salinas and in no way misled or prejudiced the defendant. It accurately stated conspiracy law, and it was necessary for two reasons in this case. First, it helped to define conspiracy. Given the fact that 1349 does not have an overt act requirement, the Salinas instruction certainly helped to develop the nuances there as to what defendant's participation looked like. And number two, it was necessary because defendant's defense at trial was really this lesser participation defense. He really was arguing that he's just the driver here. He's just the courier. He's just picking up packages. And regardless of how important that was to the crime, at this stage it was really helpful to illuminate with the Salinas instruction that he could be culpable even if he was just providing support and just proceeded to commit some part of the conspiracy. Pinkerton liability wouldn't be appropriate in this case. It's a vicarious liability instruction, and here the government's case was a direct liability instruction. So unless there are further questions on that, we'd ask the court to affirm. All right. Thank you. Ms. Frater. So the instructions were not a correct statement of what the facts and the law were in this case. The instructions talked about how if you're guilty of a conspiracy, the verdict director instruction, and then the government set to further define that and use the definition of conspiracy from the pattern instructions by failing to give the entire Pinkerton instruction. Ms. Frater, do you agree that the instruction standing alone was a correct description of conspiracy law? Like not about liability for the substantive counts, which is the Pinkerton theory, but as a description of conspiracy law. I don't think you've highlighted an error there, and I just want to make sure I didn't miss something in your brief. I think that the part of conspiracy law when you have somebody being held liable for somebody else's actions as part of the conspiracy has to be narrowed. So is it a correct statement of the law in part, but it's not a correct statement of the full law, because conspiracy, to be liable for somebody else's actions, it has to be reasonably foreseeable. That's a part of conspiracy law. You can withdraw. There's other things. But about just being liable for the conspiracy itself, not about liability for substantive counts that were reasonably foreseeable. It was a statement of liability for the conspiracy count itself. No, it was incomplete. It was an incomplete statement of the law. So you can, a three-part statute, if you only quote the first part, is that an accurate statement of the law? Well, it's not inaccurate, but it's incomplete. So it is inaccurate. And this instruction was incomplete such that it was inaccurate. The government's trying to parse and say, well, these two sentences or whatever, this little paragraph, well, it's not wrong. Well, it's incomplete. So it makes it wrong. I mean, I don't know. It's a sunny day outside. OK, well, that's true. But it's a sunny day outside. It's also Tuesday. Whatever it is, it's not, you can't, the court has worked very hard on this pattern of instruction because of the complications that involve with conspiracy and holding somebody liable and responsible for the actions of others. And it's particularly apparent in this case where the government put on a lot of evidence, and the particular victims in this case had talked to other people on the phone that were clearly not Mr. Patel. And his testimony was that he was just a driver. And so when you have that, it could be that the jury is deciding that he's liable as part of the conspiracy for the things that these other people did on the phone, not because of his actions. And so when you parse out that entire instruction and you take out the whole back end of it that has to do with reasonably foreseeable, it leaves this free-roaming commission for the jury to not find, based on what the facts of the case were. And so by saying, well, it's not an accurate statement of the law, OK, but it's not a complete statement of the law, which makes it misleading and prejudicial in this case. All right. Thank you. We thank you. We will take the case under advisement. That was Appeal Number 2519-36.